1
2
3
4
5                UNITED STATES DISTRICT COURT
6             NORTHERN DISTRICT OF CALIFORNIA
7

8 GENE E. SMITH, SR.,                  No. C-08-1860 EMC

9         Plaintiff,                  **ORDER GRANTING PLAINTIFF'S**
                                       **APPLICATION TO PROCEED *IN***
10      v.                           ***FORMA PAUPERIS*; FINDING AS**
                                        **MOOT PLAINTIFF'S REQUEST FOR**
11 UNITED STATES COURT OF APPEALS, *et*     **APPOINTMENT OF COUNSEL; AND**
*al.*,                                      **DISMISSING COMPLAINT WITH**
12                                 **PREJUDICE**
        Defendants.
13 _____/      **(Docket Nos. 2-3)**

14

15        Ida M. Clark has initiated this lawsuit on behalf of Plaintiff Gene E. Smith.  In the complaint,

16 the United States Court of Appeals for the Ninth Circuit, two judges on the Ninth Circuit (Richard

17 C. Tallman and Richard R. Clifton), and three clerks for the Ninth Circuit (Caroline A. Jacobs,

18 Cathy A. Catterson, and Gabriela Van Allen) are named as Defendants.  According to the complaint,

19 Defendants violated Mr. Smith's constitutional and statutory rights by discriminating against him on

20 the basis of his disability and economic status.

21        Ms. Clark, on behalf of Mr. Smith, has filed with the Court an application to proceed *in*

22 *forma pauperis* and a request for appointment of counsel.  Ms. Clark, on behalf of Mr. Smith, has

23 consented to proceed before a magistrate judge.

24 ///

25 ///

26 ///

27 ///

28 ///

**United States District Court**
For the Northern District of California

# I.  **FACTUAL & PROCEDURAL BACKGROUND**

As reflected in the complaint, Mr. Smith challenges actions taken by judges and clerks for the Ninth Circuit during the appeal of a case that he initiated in Nevada.[1]  The following actions are discussed in the complaint:

(1)     The judges' denial of Mr. Smith's motion for appointment of counsel (on November 16, 2007).

(2)     The judges' denial of Mr. Smith's application to proceed in forma pauperis (also on November 16, 2007).

(3)     The judges' denial of Mr. Smith's request for production of the reporter's transcript at the government's expense (also on November 16, 2007).

(4)     The judges' dismissal of Mr. Smith's appeal (on January 8, 2008).

(5)     Ms. Catterson and Ms. Jacobs' involvement with the court orders on November 16, 2007, and January 8, 2008.

(6)     Ms. Catterson and Ms. Van Allen's enforcement of the briefing schedule for the appeal for Mr. Smith but not on the opposing party (which asked for an extension of time).[2]

(7)     The judges' failure to respond to Mr. Smith's emergency motions filed on November 26, 2007 (after the motion to proceed in forma pauperis had been denied), and request for stay of mandate and petition for en banc hearing filed on January 15, 2008.

According to Mr. Smith, all of the above actions were taken by Defendants because he is disabled and poor.  Based on the above allegations, Mr. Smith asserts a *Bivens* claim,[3] claims

---

[1] Although not relevant for purposes of this case, it appears that the Nevada case involved both Mr. Smith and Ms. Clark as plaintiffs (as well as two other individuals).  Mr. Smith and Ms. Clark were suing their former employer.

[2] In an order dated October 1, 2007, the Ninth Circuit tolled the briefing schedule pending disposition of the motion to proceed *in forma pauperis* and motion for appointment of counsel.

[3] Mr. Smith actually asserted a claim pursuant to 42 U.S.C. § 1983 rather than a *Bivens* claim.  However, § 1983 provides relief against *state* actors only, not federal; for federal actors, the appropriate claim is a *Bivens* claim.  As neither Mr. Smith nor Ms. Clark is represented by counsel, the Court shall liberally construe the § 1983 claim and interpret it as a *Bivens* claim.  *See Ting v. United States*, 927 F.2d 1504, 1513 (9th Cir. 1991) (noting that a Bivens claim "is a judicially created cause of action against federal officers arising under the United States Constitution"); *Panaro v. City of North Las Vegas*, 432 F.3d 949, 952 n.5 (9th Cir. 2005) (stating that "[a]ctions under § 1983 and those under

1   pursuant to 42 U.S.C. §§ 1985 and 1986, and claims pursuant to the Americans with Disabilities Act

2   and Rehabilitation Act.

3                                    **II.    DISCUSSION**

4   A.      Representation by Ms. Clark

5           As a preliminary matter, the Court must address the issue of whether or not Ms. Clark may

6   initiate this lawsuit on Mr. Smith's behalf.  Under Federal Rule of Civil Procedure 17, a

7   representative such as a general guardian may sue or defend on behalf of a minor or an incompetent

8   person.  *See* Fed. R. Civ. P. 17(c)(1).  Ms. Clark represents that Mr. Smith is an incompetent person

9   and has submitted an order from a Nevada state court pursuant to which she was appointed general

10  guardian of Mr. Smith.  In light of this evidence, the Court finds that Ms. Clark may sue on behalf of

11  Mr. Smith, but only if she has counsel to represent her as guardian for Mr. Smith.  *Cf. Johns v.*

12  *County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (noting that "'it is not in the interest of

13  minors or incompetents that they be represented by non-attorneys'"; thereby holding that a

14  "guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a

15  lawyer").  Ms. Clark has requested appointment of counsel, but for the reasons discussed below the

16  merits of the case are insubstantial and therefore the request is denied.

17  B.      *In Forma Pauperis* Application

18          The Court now turns to the *in forma pauperis* application.  When presented with an

19  application to proceed in forma pauperis, a court must first determine if the applicant satisfies the

20  economic eligibility requirement of 28 U.S.C. § 1915(a).  *See Franklin v. Murphy*, 745 F.2d 1221,

21  1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute

22  destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing

23  *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)).

24          In the financial affidavit, Ms. Clark represents that Mr. Smith is not currently employed and

25  that his only source of income is Social Security benefits of approximately $1,400 per month.

26  Although he owns a home, he pays a monthly mortgage of approximately $900 and he has no other

27  _____

28  *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under
    *Bivens*").

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1   assets of substance.  Mr. Smith's monthly expenses, including his mortgage, total approximately

2   $1,300.  Although a close call, given the totality of the circumstances, the Court grants Mr. Smith's

3   application to proceed *in forma pauperis*.

4   B.     Complaint

5          Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks

6   leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or

7   malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief

8   against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  The instant case

9   implicates both the second and third factors.

10         1.     *Bivens* Claim and Related §§ 1985 and 1986 Claims

11              a.     Immunity from Damages

12         The *Bivens* claim and the related §§ 1985 and 1986 claims are dismissed to the extent Mr.

13   Smith seeks monetary relief because Defendants have immunity from damages.

14                  i.     Judges

15         Mr. Smith sues two judges on the Ninth Circuit, namely, Judges Tallman and Clifton.

16         The judges are entitled to absolute judicial immunity.  *See Branson v. Nott*, 62 F.3d 287, 290

17   n.1 (9th Cir. 1995) (confirming that federal judges may be protected from *Bivens* claims under the

18   doctrine of judicial immunity); *cf. Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (stating that "this Court

19   has consistently adhered to the rule that 'judges defending against § 1983 actions enjoy absolute

20   immunity from damages liability for acts performed in their judicial capacities'").  There is no doubt

21   that the judges' actions that are being challenged by Mr. Smith – essentially, issuing orders and

22   dismissing the appeal – are judicial acts and therefore protected.  *See Duvall v. County of Kitsap*,

23   260 F.3d 1124, 1133 (9th Cir. 2001) (explaining that "absolute judicial immunity does not apply to

24   non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on

25   occasion be assigned to perform" but that "[r]uling on a motion is a normal judicial function").

26         Furthermore, if sued in their official capacities, the judges are also entitled to sovereign

27   immunity.  *See Consejo De Desarrollo Economico De Mexicali, A.C. v. United States*, 482 F.3d

28   1157, 1173 (9th Cir. 2007) ("'[A] *Bivens* action can be maintained against a defendant in his or her

4

United States District Court
For the Northern District of California

1  individual capacity only, and not in his or her official capacity.'  This is because a *Bivens* suit

2  against a defendant in his or her official capacity would merely be another way of pleading an action

3  against the United States, which would be barred by the doctrine of sovereign immunity.'").

ii.  Clerks

4

5          Mr. Smith sues three clerks who work for the Ninth Circuit, *i.e.*, Ms. Jacobs, Ms. Catterson,

6  and Ms. Van Allen.

7          As above, Mr. Smith's complaint does not make clear whether the clerks are being sued in

8  their official or individual capacities.  Like the judges, the clerks, if sued in their official capacities,

9  are immune from suit.  *See Consejo De Desarrollo Economico De Mexicali*, 482 F.3d at 1173.

10          If sued in their individual capacities, the clerks have absolute quasi-judicial immunity.  First,

11  the actions by the clerks that are being challenged by Mr. Smith – *i.e.*, assisting the Ninth Circuit in

12  issuing its orders and enforcing a briefing schedule against Mr. Smith but not the opposing party –

13  are really actions of the judges.  Thus, the clerks are entitled to immunity.  *See Rodriguez v. Weprin*,

14  116 F.3d 62, 66(2d Cir. 1997) ("The appellant claims these court clerks wrongfully denied his

15  motion to expand the record on appeal.  As to this claim, it appears that the Appellate Division

16  judges, and not the named clerks, are responsible for denying Rodriguez access to records.

17  Accordingly, these clerks are entitled to immunity for their alleged refusal of appellant's document

18  request.").  Second, even if the actions were in fact those of the clerks, those actions were

19  presumably taken pursuant to the direction of the judges, and so the clerks would still be entitled to

20  immunity.  *See id.* at 67 ("Even 'when functions that are more administrative in character have been

21  undertaken pursuant to the explicit direction of a judicial officer, . . . that officer's immunity is also

22  available to the subordinate.'"); *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989) ("We

23  conclude on the facts before us that the court personnel are entitled to absolute quasi-judicial

24  immunity for their alleged acts . . . pursuant to the judge's instructions.").[4]

25

26          [4] Under Ninth Circuit case law, clerks have also been extended immunity in additional
circumstances.  *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) ("We have extended absolute

27  judicial immunity . . . to court clerks and other nonjudicial officers for purely administrative acts -- acts
which taken out of context would appear ministerial, but when viewed in context are actually a part of

28  the judicial function."); *see also Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) ("[M]inisterial
acts unrelated to the [judicial] function immunity is intended to protect are not covered by absolute

**United States District Court**

For the Northern District of California

iii.     <u>Ninth Circuit</u>

It is well established that the United States is entitled to sovereign immunity from any claim

for damages unless immunity has been explicitly waived by Congress. *See Dunn & Black, P.S. v.*

*United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) ("Unless [the plaintiff] satisfies the burden of

establishing that its action [against the United States] falls within an unequivocally expressed waiver

of sovereign immunity by Congress, it must be dismissed.").  This immunity extends to federal

agencies.  *See Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign

immunity applies to federal agencies and to federal employees acting within their official

capacities."); *Gilbert v. Da Grossa*, 756 F.2d 1455, 1460 n.6 (9th Cir. 1985) ("A claim for damages

against a federal agency is barred by sovereign immunity unless Congress has consented to suit.").

Congress has not explicitly waived the immunity of the United States and its agencies with respect

to *Bivens* claims, *see FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that federal agencies, such

as the FDIC, were immune from *Bivens* actions alleging a violation of constitutional rights); nor

with respect to §§ 1985 and 1986 claims.  *See Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C. 2006)

(stating that "§ 1985 does not waive the federal government's sovereign immunity"); *Unimex, Inc. v.*

*United States Dep't of Housing & Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979) (stating that

"[t]he direct claims against HUD are barred by sovereign immunity because the United States has

not consented to suit under the civil rights statutes" at issue, which included § 1986).  Furthermore,

inasmuch as the Ninth Circuit is sued for actions taken by its judges, judicial immunity should apply

as well.  Accordingly, the claims for damages pursuant to *Bivens* and §§ 1985 and 1986 must be

dismissed.

---

immunity. . . . [But] judicial acts that are part of the judicial function are [not] excluded from absolute immunity because they could be characterized as nondiscretionary or even ministerial."). *See, e.g.*, *In re Castillo*, 297 F.3d at 952-53 (concluding that the scheduling and noticing of a hearing is a discretionary function deserving of protection); *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (noting that, "[e]ven if, as [plaintiff] alleges, [the clerk of the court] deceived [plaintiff] regarding the status of the bond and improperly conducted hearings to assess costs, all in coordination with Judge Brewster, such acts would fall within [the clerk's] quasi-judicial duties and are thus protected by absolute immunity"); *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that, where a clerk files or refuses to file a document with the court, he is entitled to quasi-judicial immunity for his actions, provided the acts complained of are within the clerk's jurisdiction).

**United States District Court**
For the Northern District of California

1     b.     Failure to State a Claim

2          Even if Defendants were not immune from damages, the *Bivens* claim and related §§ 1985

3     and 1986 claims would still be dismissed on the basis of failure to state a claim.

4          Recently, the Supreme Court has explained that a complaint "does not need detailed factual

5     allegations" but that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief"

6     requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

7     action will not do. Factual allegations must be enough to raise a right to relief above the speculative

8     level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964- 65 (2007).   More specifically, there

9     must be "plausible grounds" to support a claim for relief.  *Id.* at 1965.

10         In the instant case, there are not any plausible grounds to support Mr. Smith's claim that

11    Defendants discriminated against him because of his disability and economic status.  There is

12    nothing in the complaint, for example, to suggest that Defendants treated Mr. Smith differently from

13    similarly situated litigants on the basis of his disability or economic status.  *Compare Boykin v.*

14    *Keycorp*, No. 05-2158-cv, 2008 U.S. App. LEXIS 6401, at *38-39 (2d Cir. Mar. 2008) (concluding

15    that plaintiff's complaint -- which stated that she was an African American female, described

16    defendant's actions with respect to her loan application, and alleged that she was treated differently

17    from similarly situated loan applicants because of her race, sex, and the location of the property in a

18    predominantly African American neighborhood -- indicated the possibility of discrimination and

19    thus presented a plausible claim of disparate treatment).  Mr. Smith's claim of discrimination is

20    purely speculative.

21         2.     ADA and Rehabilitation Act

22         Mr. Smith has also failed to state a claim for relief under the ADA and Rehabilitation Act

23    and therefore these claims are dismissed as well.  Like the *Bivens* claim and §§ 1985 and 1986

24    claims, these claims are purely speculative.  Even if not speculative, Mr. Smith appears not to state a

25    claim for relief at this juncture because the statutes he cites do not provide for relief against the

26    United States, its agencies, and its employees. *See Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72,

27    73 (2d Cir. 2000) (holding that Title II of the ADA, which provides that "[n]o qualified individual

28    with a disability shall, by reason of such disability, be excluded from participation in . . . the

7

**United States District Court**
For the Northern District of California

services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity," 42 U.S.C. § 12132, is not applicable to the federal government because public entity is

defined in § 12131(1) as a state or local government); 29 U.S.C. § 794 (providing that "[n]o

otherwise qualified individual with a disability . . . shall, solely be reason or her or his disability,

shall be excluded from the participation in, be denied the benefits of, or be subject to discrimination

under any program or activity receiving Federal financial assistance" and defining program or

activity as the operations of, *e.g.*, a state or local government, an educational institution, and certain

private organizations). *See Lane v. Pena*, 518 U.S. 187 (1996) (no waiver of sovereign immunity of

federal government under § 504(a)). Finally, even if the statutes could provide a claim, judicial

immunity and quasi-judicial immunity would protect the individual defendants. *Cf. Duvall v.*

*County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (holding that state trial judge was entitled to

judicial immunity against accommodation claims brought by hearing impaired litigant).

        3.    <u>Injunctive Relief</u>

        Finally, to the extent Mr. Smith seeks the injunctive relief of having Defendants removed

from the positions that they hold, that relief is not available to him.

        First, there is no authority by which a federal judge may be removed from office except as

provided for the Constitution -- *i.e.*, by impeachment. *See* U.S. Const., art. II, § 4 ("The President,

Vice President and all civil Officers of the United States, shall be removed from Office on

Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.");

U.S. Const., art. III, § 1 ("The Judges, both of the supreme and inferior Courts, shall hold their

Offices during good Behaviour, and shall, at stated Times, receive for their Services, a

Compensation, which shall not be diminished during their Continuance in Office."); *see also Bergen*

*v. Edenfield*, 701 F.2d 906, 908 (11th Cir. 1983) ("The only mechanism for removal of a federal

judge provided in the Constitution is the impeachment process."). Although Mr. Smith has also

requested that the clerks be removed from their positions, as noted above, the actions taken by the

clerks that are being challenged by Mr. Smith are in substance actions taken by the judges.

        Second, even if the Court did the authority to remove the judges from office, before it could

do so it would have to, in effect, overrule the orders that the judges issued. That is not the role of

**United States District Court**

For the Northern District of California

1    this Court. *Cf. Mullis*, 828 F.2d at 1392-93 ("To allow a district court to grant injunctive relief

2    against a bankruptcy court or the district court in the underlying bankruptcy case would be to permit,

3    in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a

4    ruling of the court of appeals by a district court. Such collateral attacks on the judgments, orders,

5    decrees or decisions of federal courts are improper."). The Court takes note that, in *Mullis*, the

6    Ninth Circuit refused to "carve out an exception to judicial immunity to permit declaratory and

7    injunctive relief against federal judicial officers" because "[s]hould a federal judge or other federal

8    official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a

9    proceeding pending in federal court, Congress has provided carefully structured procedures for

10    taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs." *Id.* at

11    1394 (emphasis omitted).

12    C.    Petition for Representation

13          For the reasons stated above, the Court concludes that dismissal of the complaint is

14    appropriate. Because the Court is dismissing the case, Mr. Smith's request for appointment of

15    counsel is moot.

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**United States District Court**
For the Northern District of California

1

### III.   CONCLUSION

2        For the foregoing reasons, the Court grants the application to proceed *in forma pauperis* but

3   dismisses the complaint without prejudice.[5]  Although it is difficult to conceive a way in which Mr.

4   Smith may bring suit in this Court against the Ninth Circuit, its judges, or its officers for the actions

5   complained of, in view of Mr. Smith's *pro se* status, Plaintiff is given leave to file an amended

6   complaint within thirty (30) days of the date of this order.

7        This order disposes of Docket Nos. 2 and 3.

8

9        IT IS SO ORDERED.

10

11   Dated:  May 15, 2008

12                                                   _____
                                                     EDWARD M. CHEN
13                                                   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23   _____

24        [5] Although a magistrate judge does not have jurisdiction over an action unless all parties have
     consented, this Court does not require the consent of Defendant in order to properly dismiss this action
25   because Defendant has not been served and, as a result, is not a party.  *See Neals v. Norwood*, 59 F.3d
     530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action
26   under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been
     served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317
27   (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem*
     forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only
28   requires the consent of the parties and the property owner, having failed to comply with applicable filing
     requirements, was not a party).

1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    GENE E. SMITH, SR.,                          No. C-08-1860 EMC

9            Plaintiff,

10        v.
                                                  **CERTIFICATE OF SERVICE**
11   UNITED STATES COURT OF APPEALS, *et*
     *al.*,
12
             Defendants.
13   _____/

14

15        I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

16   District of California.  On the below date, I served a true and correct copy of the attached, by placing

17   said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

18   said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

19   receptacle located in the Office of the Clerk.

20   Gene E. Smith
     614 Gilday Ct
21   N. Las Vegas,  NV 89030

22

23   Dated:  May 15, 2008                         RICHARD W. WIEKING, CLERK

24

25                                                By: _____/s/_____
                                                       Leni Doyle
26                                                     Deputy Clerk

27

28

United States District Court

For the Northern District of California