UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. SMITH, SR., | No. C-08-1860 EMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S PETITION FOR REPRESENTATION; AND DISMISSING AMENDED COMPLAINT** |
| v. | |
| UNITED STATES COURT OF APPEALS, *et al.*, | **(Docket Nos. 8-9)** |
| Defendants. | |
| _____/ | |

  Ida M. Clark has initiated this lawsuit on behalf of Plaintiff Gene E. Smith. In a previous order, the Court held that Ms. Clark may sue on behalf of Mr. Smith pursuant to Federal Rule of Civil Procedure 17 but only if she had counsel to represent her as guardian for Mr. Smith. *See* Docket No. 7. In the same order, the Court granted Mr. Smith's motion to proceed in forma pauperis but dismissed the complaint with leave to amend. The Court also denied the request for appointment of counsel. Mr. Smith has now filed a second request for appointment of counsel as well as an amended complaint. Having reviewed the papers submitted, as well as all other evidence of record, the Court hereby **DENIES** the request for appointment of counsel and dismisses the amended complaint.

## I.  FACTUAL & PROCEDURAL BACKGROUND

  In the original complaint, Mr. Smith sued the United States Court of Appeals for the Ninth Circuit, two judges on the Ninth Circuit (Richard C. Tallman and Richard R. Clifton), and three clerks for the Ninth Circuit (Caroline A. Jacobs, Cathy A. Catterson, and Gabriela Van Allen). The

causes of action asserted in the complaint were a *Bivens* claim, violations of 42 U.S.C. §§ 1985 and 1986, and violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act.

In its order granting Mr. Smith the right to proceed in forma pauperis, the Court concluded that the judges, clerks, and the Ninth Circuit were all immune from the *Bivens* claim and related §§ 1985 and 1986 claims. The Court further held that Mr. Smith had failed to state a claim for relief pursuant to *Bivens* and §§ 1985 and 1986. As for the ADA and Rehabilitation Act claims, the Court also held that Mr. Smith had failed to state a claim for relief. Because the Court concluded that none of the claims asserted in the original complaint were viable, it dismissed the complaint in its entirety but gave Mr. Smith leave to amend.

In the amended complaint, Mr. Smith sues two judges on the Ninth Circuit (Richard C. Tallman and Richard R. Clifton) and three clerks for the Ninth Circuit (Caroline A. Jacobs, Cathy A. Catterson, and Gabriela Van Allen). Each is sued in his or her individual capacity only. According to the amended complaint, Defendants violated her civil rights, *see* 42 U.S.C. §§ 1985 and 1986, by dismissing his case on appeal. The amended complaint contains allegations that the dismissal was made because Mr. Smith is poor and as part of a conspiracy to protect the decision of a district court in Nevada and to keep Mr. Smith out of court.

## II. DISCUSSION

### A. Petition for Representation

As the Court previously held, Ms. Clark, as guardian for Mr. Smith, must be represented by counsel in order for the case to proceed. *Cf. Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (noting that "'it is not in the interest of minors or incompetents that they be represented by non-attorneys'"; thereby holding that a "guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer"). It appears that Ms. Clark has not been able to retain representation, and therefore she seeks appointment of counsel.

Ms. Clark has not made any demonstration that she has made efforts to obtain counsel but was unsuccessful. Even if she had, the merits of the case are weak (as discussed below), and therefore the request for appointment of counsel is denied.

B.  Amended Complaint

The amended complaint contains conclusory allegations that Defendants engaged in fraud and corruption. All of these acts were related to the issuance of orders (in particular, those issued on November 16, 2007, and January 8, 2008). Accordingly, Defendants -- both the judges and the clerks -- are entitled to absolute judicial immunity. As the Court previously stated, there is no doubt that the acts of issuing orders are judicial acts, not administrative or ministerial acts, and therefore protected. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (noting that "[r]uling on a motion is a normal judicial function").

Mr. Smith suggests that Defendants' acts cannot be deemed immune because they are criminal acts. *See* Am. Compl. at 10 (stating that "[j]udges have no judicial immunity for criminal acts"). This argument is unavailing. While judicial immunity may "not exempt court officers from criminal liability even when the criminal act is committed behind the shield of judicial office," *Neal v. Director*, 400 F. Supp. 2d 134, 143 (D.D.C. 2005), Mr. Smith is asking for Defendants to be held *civilly* liable.

Mr. Smith also asserts that Defendants' acts cannot be considered immune because Defendants acted in the absence of any jurisdiction. *See* Am. Compl. at 11; *see also* Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1998) ("Judges are absolutely immune from damages liability for actions taken in a judicial capacity unless the judge has acted in the clear absence of all jurisdiction.") (internal quotation marks omitted). But it is evident here that the Ninth Circuit had appellate jurisdiction over the federal lawsuit that Mr. Smith (and Ms. Clark) initiated in Nevada.

Because judicial immunity obtains to all Defendants, the amended complaint shall be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the Court dismisses the amended complaint. Furthermore because the merits of Mr. Smith's case are weak, the Court shall not appoint counsel for Ms. Clark as guardian for Mr. Smith. The Court, however, shall give Mr. Smith one final opportunity. Ms. Clark shall have until July 15, 2008 to (1) retain counsel to represent her as guardian for Mr. Smith and (2)

3

to have that counsel make an appearance in this Court. If an appearance is made by that date, then the Court shall give Mr. Smith one final opportunity to file an amended complaint. If no appearance is made, then the Clerk of the Court shall enter judgment and close the file in this case.[1]

This order disposes of Docket Nos. 8 and 9.

IT IS SO ORDERED.

Dated: June 11, 2008

EDWARD M. CHEN
United States Magistrate Judge

---

[1] Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendant in order to properly dismiss this action because Defendant has not been served and, as a result, is not a party. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with applicable filing requirements, was not a party).

4

| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |
| GENE E. SMITH, SR., | No. C-08-1860 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| UNITED STATES COURT OF APPEALS, *et al.*, | |
| Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Gene E. Smith
614 Gilday Ct
N. Las Vegas, NV 89030

Dated: June 11, 2008            RICHARD W. WIEKING, CLERK

By: _____/s/_____
    Leni Doyle
    Deputy Clerk