United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. SMITH, SR., | No. C-08-1860 EMC |
| Plaintiff, | **ORDER RE PLAINTIFF'S OBJECTIONS AND REQUEST FOR CHANGE OF VENUE** |
| v. | |
| UNITED STATES COURT OF APPEALS, *et al.*, | **(Docket No. 11)** |
| Defendants. | |
| _____/ | |

Ida M. Clark has initiated this lawsuit on behalf of Plaintiff Gene E. Smith. The Court held, in two previous orders, that Ms. Clark may sue on behalf of Mr. Smith pursuant to Federal Rule of Civil Procedure 17 but only if she had counsel to represent her as guardian for Mr. Smith. *See* Docket Nos. 7, 10. In the more recent order, the Court gave Ms. Clark until July 15, 2008, to (1) retain counsel to represent her as guardian for Mr. Smith and (2) to have that counsel make an appearance in this Court. *See* Docket No. 10. No appearance was made by that date; however, prior to that date, Ms. Clark, on behalf of Mr. Smith, filed a document titled "Objections and Court Erred[;] Change of Venue." *See* Docket No. 11. The Court has reviewed that document and hereby rules as follows.

**I. DISCUSSION**

A. Request for Appointment of Counsel

To the extent that Mr. Smith seeks reconsideration of the Court's order denying appointment of counsel, *see* Obj. at 11, the request for reconsideration is denied. Mr. Smith has not shown that

the merits of his case are strong enough such that the Court should appoint counsel to represent him (or his guardian in her capacity as guardian).

B.   Objections

To the extent that Mr. Smith is asking that a District Court judge consider his objections to this Court's rulings, *see* Fed. R. Civ. P. 72, that request is not proper. The undersigned is the presiding judge in the case as Mr. Smith (more specifically, Ms. Clark in her capacity as guardian for Mr. Smith) consented to proceeding for all purposes before a magistrate judge. *See* Docket No. 6.

To the extent that Mr. Smith is asking the Court to reconsider its rulings, that request is denied. Mr. Smith contends, *inter alia*, that he has never made a § 1983 claim but his original complaint clearly implicated that statute. The Court liberally construed the original complaint as containing a *Bivens* claim instead of a § 1983 claim because Defendants were federal actors rather than state actors. While, in his amended complaint, Mr. Smith no longer asserted a § 1983 or *Bivens* claim and instead asserted claims pursuant to §§ 1985 and 1986, judicial immunity still obtains with respect to the latter statutes. *See, e.g.*, *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (stating that whether the allegations against the federal judges were "considered under a *Bivens* type of constitutional tort theory or the allegations of a conspiracy are considered a violation of 42 U.S.C. § 1985, the federal judges in this case are absolutely immune from liability"); *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964) (in a case involving claims brought pursuant to §§ 1983, 1985, and 1986, noting that "[w]e have repeatedly held that judges and 'quasijudicial' officers, including prosecuting attorneys, are immune from suit under the Civil Rights Act for conduct in the performance of their official duties"); *Simonsen v. Board of Educ.*, No. 01 C 3081, 2002 U.S. Dist. LEXIS 2361, at *35 n.21 (N.D. Ill. Feb. 14, 2002) (noting that circuit courts "have extended immunity to judges and prosecutors sued under the other Reconstruction Statutes as well," such as §§ 1985 and 1986); *Dobard v. City of Oakland*, No. C-96-3373 MHP, 1997 U.S. Dist. LEXIS 14070, at *25 n.9 (N.D. Cal. Apr. 30, 1997) (declining to address the statute-of-limitations issue for the §§ 1983 and 1985 claims based on the "finding that the court lacks subject matter jurisdiction

over this cause of action, and that the Judges are entitled to judicial immunity for the acts described in the complaint").

As to Mr. Smith's contention that this Court has improperly considered evidence submitted from Defendants in the case, *see* Obj. at 8, as a factual matter, that is not true. The Court has not received any evidence from any Defendant in this case. Simply because the Court, in its order of June 11, 2008, stated that it had reviewed the papers submitted and "all other evidence of record" does not mean that Defendants submitted anything. The evidence of record includes the prior filings made by Mr. Smith.

C.  Change of Venue

Finally, Mr. Smith asks that there be a change of venue outside of the Ninth Circuit "[b]ecause of the conflicts with law and the manifest disregard for law." Obj. at 10. Although Mr. Smith does not identify any authority pursuant to which the Court may transfer a case to a different venue, 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of 28 U.S.C. § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Mr. Smith has failed to meet this standard. Most notably, Mr. Smith fails to point to any district where this action could have been brought. Accordingly, the request for a change of venue is denied.

## II.  CONCLUSION

The Court denies the relief sought by Mr. Smith in his filing of June 25, 2008, titled "Objections and Court Erred[;] Change of Venue." *See* Docket No. 11.

3

Because Ms. Clark, in her capacity as guardian, has failed to retain counsel to represent her as guardian for Mr. Smith and to have that counsel make an appearance in this Court, as required by the Court's order of June 11, 2008, *see* Docket No. 10, the Court directs the Clerk of the Court to enter judgment and close the file in this case.

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: July 17, 2008

EDWARD M. CHEN
United States Magistrate Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. SMITH, SR., | No. C-08-1860 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| UNITED STATES COURT OF APPEALS, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Gene E. Smith
614 Gilday Ct
N. Las Vegas, NV 89030

Dated: July 17, 2008          RICHARD W. WIEKING, CLERK

                              By:     /s/
                                  Leni Doyle
                                  Deputy Clerk