OFFICE OF THE CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CALIFORNIA 94102

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



RETURNED FOR BETTER ADDRESS
RETURN TO SENDER



02 1A
0004329882
MAILED FROM ZIPCODE 94102
$00.59⁰
JUL 17 2008
UNITED STATES POSTAGE
PITNEY BOWES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. SMITH, SR., | No. C-08-1860 EMC |
| Plaintiff, | **JUDGEMENT IN A CIVIL CASE** |
| v. | |
| UNITED STATES COURT OF APPEALS, *et al.*, | |
| Defendants. | |

( ) **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

(X) **Decision by Court.**

**IT IS SO ORDERED AND ADJUDGED** pursuant to the **ORDER RE PLAINTIFF'S OBJECTIONS AND REQUEST FOR CHANGE OF VENUE** dated July 17, 2008, Judgement is entered against Plaintiff. The Clerk of the Court is directed to close the file in this case.

Dated: July 17, 2008

Richard W. Wieking, Clerk

*[signature]*

By: Betty Fong
Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. SMITH, SR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES COURT OF APPEALS, et al., <br><br> Defendants. | No. C-08-1860 EMC <br><br><br><br><br> **CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Gene E. Smith
614 Gilday Ct
N. Las Vegas, NV 89030

Dated: July 17, 2008            RICHARD W. WIEKING, CLERK

By: _____
Betty Fong
Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE E. SMITH, SR., | No. C-08-1860 EMC |
| Plaintiff, | **ORDER RE PLAINTIFF'S OBJECTIONS AND REQUEST FOR CHANGE OF VENUE** |
| v. | |
| UNITED STATES COURT OF APPEALS, *et al.*, | **(Docket No. 11)** |
| Defendants. | |

Ida M. Clark has initiated this lawsuit on behalf of Plaintiff Gene E. Smith. The Court held, in two previous orders, that Ms. Clark may sue on behalf of Mr. Smith pursuant to Federal Rule of Civil Procedure 17 but only if she had counsel to represent her as guardian for Mr. Smith. *See* Docket Nos. 7, 10. In the more recent order, the Court gave Ms. Clark until July 15, 2008, to (1) retain counsel to represent her as guardian for Mr. Smith and (2) to have that counsel make an appearance in this Court. *See* Docket No. 10. No appearance was made by that date; however, prior to that date, Ms. Clark, on behalf of Mr. Smith, filed a document titled "Objections and Court Erred[;] Change of Venue." *See* Docket No. 11. The Court has reviewed that document and hereby rules as follows.

**I.   DISCUSSION**

A.   Request for Appointment of Counsel

To the extent that Mr. Smith seeks reconsideration of the Court's order denying appointment of counsel, *see* Obj. at 11, the request for reconsideration is denied. Mr. Smith has not shown that

1  the merits of his case are strong enough such that the Court should appoint counsel to represent him
2  (or his guardian in her capacity as guardian).
3  B.    Objections
4        To the extent that Mr. Smith is asking that a District Court judge consider his objections to
5  this Court's rulings, *see* Fed. R. Civ. P. 72, that request is not proper. The undersigned is the
6  presiding judge in the case as Mr. Smith (more specifically, Ms. Clark in her capacity as guardian
7  for Mr. Smith) consented to proceeding for all purposes before a magistrate judge. *See* Docket No.
8  6.
9        To the extent that Mr. Smith is asking the Court to reconsider its rulings, that request is
10 denied. Mr. Smith contends, *inter alia*, that he has never made a § 1983 claim but his original
11 complaint clearly implicated that statute. The Court liberally construed the original complaint as
12 containing a *Bivens* claim instead of a § 1983 claim because Defendants were federal actors rather
13 than state actors. While, in his amended complaint, Mr. Smith no longer asserted a § 1983 or *Bivens*
14 claim and instead asserted claims pursuant to §§ 1985 and 1986, judicial immunity still obtains with
15 respect to the latter statutes. *See, e.g., Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986)
16 (stating that whether the allegations against the federal judges were "considered under a *Bivens* type
17 of constitutional tort theory or the allegations of a conspiracy are considered a violation of 42 U.S.C.
18 § 1985, the federal judges in this case are absolutely immune from liability"); *Agnew v. Moody*, 330
19 F.2d 868, 869 (9th Cir. 1964) (in a case involving claims brought pursuant to §§ 1983, 1985, and
20 1986, noting that "[w]e have repeatedly held that judges and 'quasijudicial' officers, including
21 prosecuting attorneys, are immune from suit under the Civil Rights Act for conduct in the
22 performance of their official duties"); *Simonsen v. Board of Educ.*, No. 01 C 3081, 2002 U.S. Dist.
23 LEXIS 2361, at *35 n.21 (N.D. Ill. Feb. 14, 2002) (noting that circuit courts "have extended
24 immunity to judges and prosecutors sued under the other Reconstruction Statutes as well," such as
25 §§ 1985 and 1986); *Dobard v. City of Oakland*, No. C-96-3373 MHP, 1997 U.S. Dist. LEXIS
26 14070, at *25 n.9 (N.D. Cal. Apr. 30, 1997) (declining to address the statute-of-limitations issue for
27 the §§ 1983 and 1985 claims based on the "finding that the court lacks subject matter jurisdiction
28

2

over this cause of action, and that the Judges are entitled to judicial immunity for the acts described in the complaint").

As to Mr. Smith's contention that this Court has improperly considered evidence submitted from Defendants in the case, *see* Obj. at 8, as a factual matter, that is not true. The Court has not received any evidence from any Defendant in this case. Simply because the Court, in its order of June 11, 2008, stated that it had reviewed the papers submitted and "all other evidence of record" does not mean that Defendants submitted anything. The evidence of record includes the prior filings made by Mr. Smith.

C.  Change of Venue

Finally, Mr. Smith asks that there be a change of venue outside of the Ninth Circuit "[b]ecause of the conflicts with law and the manifest disregard for law." Obj. at 10. Although Mr. Smith does not identify any authority pursuant to which the Court may transfer a case to a different venue, 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of 28 U.S.C. § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). To support a motion for transfer, the moving party must establish: (1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses, and will promote the interests of justice. *See Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Mr. Smith has failed to meet this standard. Most notably, Mr. Smith fails to point to any district where this action could have been brought. Accordingly, the request for a change of venue is denied.

## II.  CONCLUSION

The Court denies the relief sought by Mr. Smith in his filing of June 25, 2008, titled "Objections and Court Erred[;] Change of Venue." *See* Docket No. 11.

Because Ms. Clark, in her capacity as guardian, has failed to retain counsel to represent her as guardian for Mr. Smith and to have that counsel make an appearance in this Court, as required by the Court's order of June 11, 2008, *see* Docket No. 10, the Court directs the Clerk of the Court to enter judgment and close the file in this case.

This order disposes of Docket No. 11.

IT IS SO ORDERED.

Dated: July 17, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GENE E. SMITH, SR.,

    Plaintiff,

v.

UNITED STATES COURT OF APPEALS, et al.,

    Defendants.

No. C-08-1860 EMC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Gene E. Smith
614 Gilday Ct
N. Las Vegas, NV 89030

Dated: July 17, 2008    RICHARD W. WIEKING, CLERK

By: _____/s/_____
Leni Doyle
Deputy Clerk

**Other Orders/Judgments**
3:08-cv-01860-EMC Smith v. United States Court of Appeals et al
E-Filing, ProSe

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available.*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 7/17/2008 9:43 AM and filed on 7/17/2008
**Case Name:**      Smith v. United States Court of Appeals et al
**Case Number:**   3:08-cv-1860
**Filer:**
**Document Number:** 12

**Docket Text:**
**ORDER re [11] Plaintiff's Objections and Request for Change of Venue. Signed by Judge Edward M. Chen on 7/17/2008. (emclc1, COURT STAFF) (Filed on 7/17/2008)**

**3:08-cv-1860 Notice has been electronically mailed to:**

**3:08-cv-1860 Notice has been delivered by other means to:**

Gene E. Smith, Sr
614 Gilday Ct
N. Las Vegas, NV 89030

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** G:\EMCall\Civil 2008\C08-1860 EMC Smith v. U.S. Court of Appeals\Order - P's Objections & Change of Venue.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=7/17/2008] [FileNumber=4537754-0]
[aa74abc8fab5f47c5ad2a88220b0779d533401a61f7a9b3ba69376b4a5c5be6df1264
064e205400e8e730d1544d816b38204ddf8084eeaef564f5f146421cc97]]